IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

RALPH SANDERS                                                                                    PLAINTIFF

VS.                                                                      CIVIL ACTION NO. 4:08cv133-LRA

MARK GORE, BRYAN HILL AND
DICKIE SISTRUNK                                                                               DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Ralph Sanders [hereinafter "Plaintiff"], *pro se,* and Saundra Brown Strong, counsel for Mark Gore and Dickie Sistrunk [hereinafter "Defendants"], appeared before the undersigned United States Magistrate Judge on the 18th day of February, 2009, for an omnibus hearing. Defendant Bryan Hill has not been served with process, and he no longer works with the Philadelphia Police Department. Jurisdiction of this case is based upon 42 U.S.C. § 1983, and, pursuant to the parties' consent, it was assigned to the undersigned United States Magistrate Judge for all purposes by Order [docket entry number 47] entered by the District Judge Henry T. Wingate on February 27, 2009.

This hearing was scheduled to insure the just, speedy and inexpensive determination of this *pro se* prisoner litigation. The hearing was also conducted in order to more closely screen Plaintiff's factual allegations and to determine if they are sufficient to maintain the case under 28 U.S.C. §1915A and § 1915(e)(2)(B). These statutes require the Court to screen complaints when a prisoner seeks redress from a

1

governmental entity or officer or employee of a governmental entity. The provisions for the review are stated in 1915A as follows:

> (b) **Grounds for dismissal.**----- On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint if the complaint-----
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> > (2) seeks monetary relief from a defendant who is immune from such relief.

Although an initial screening was performed in this case prior to the entry of the Order directing that process be served on Defendants, this hearing allowed the Court to reconsider Plaintiff's claims after hearing him explain his case under oath.

The Court, having carefully reviewed the complaint, the sworn testimony of Plaintiff, and the applicable law, finds that the claims of Plaintiff are insufficient in law to state a cause of action under §1983. Accordingly, Plaintiff's complaint will be dismissed as legally frivolous for the reasons set forth below.

Plaintiff is presently in the custody of the Mississippi Department of Corrections in Parchman, Mississippi. According to Plaintiff's complaint, as augmented by his sworn testimony at the omnibus hearing, he was crossing the street in Philadelphia, Mississippi, in March of 2008, when he was stopped by Defendants, Officers Mark Gore, Bryan Hill, and Dickie Sistrunk, of the Philadelphia Police Department. Defendants asked Plaintiff his name. Plaintiff responded by giving his correct name and reminding the officers of a previous run-in they had with him some time ago. He alleges that Defendants then told him to step his "damn ass back" to a car parked about

20 feet across the street from where he was standing. Plaintiff admits that he was driving the vehicle moments before he was approached by Defendants. Defendants inquired as to whether the vehicle belonged to Plaintiff; he responded in the negative.

Defendant Gore then used his flashlight to illuminate the interior of the vehicle, where he spotted a beer bottle. After Gore asked Plaintiff if he wanted to go to jail for having the beer bottle, Plaintiff responded by saying "not today, daddy" and by running away from the officers. Defendants pursued Plaintiff, and he was captured and taken into custody. Plaintiff alleges that he was not given his Miranda Rights. Defendants later searched the vehicle and found a firearm. Plaintiff contends that the search was illegal, and that he had borrowed the car.

Plaintiff was charged as a felon in possession of a firearm. He plead guilty to this crime and was sentenced to three years in the states' custody. He was represented by counsel before entry of the guilty plea, and he filed no criminal appeal. Plaintiff testified that the charges were "bogus," that it would not have helped to file an appeal, and his attorney would not call witnesses or otherwise investigate the case.

Plaintiff alleges harassment, false arrest, and false charges. He is seeking monetary damages in the amount of $1,000,000.00 (one million) dollars.

In situations such as Plaintiff's, a claim for monetary damages, including costs and attorneys fees, is barred by the United States Supreme Court's ruling in Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L.Ed.2d 383 (1994). In Heck, the Court addressed whether a claim for monetary damages which essentially challenges the

plaintiff's conviction or imprisonment is cognizable under 42 U.S.C. § 1983. The Court held that such a claim is not cognizable under that statute:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Id. at 2372 (footnotes omitted); see also Boyd v. Biggers, 31 F.3d 279, 284-85 (5th Cir. 1994). Plaintiff has plead guilty to the crime for which he was arrested. A judgment in his favor in this civil action, finding that he was falsely arrested, would necessarily imply the invalidity of his conviction or sentence. Accordingly, Heck does apply. *See also* Wells v. Bonner, 45 F.3d 90 (5th Cir. 1995) (plaintiff's false arrest and malicious prosecution claims are precluded by Heck.)

As quoted from Heck, the Supreme Court held that no cause of action exists under § 1983 when judgment for a plaintiff would "necessarily imply" that his conviction or sentence was invalid, unless the conviction or sentence has already been invalidated. 512 U.S. at 486-87. To demonstrate that his conviction or sentence has

4

already been invalidated, the plaintiff may show that it has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or questioned by the issuance of a writ of habeas corpus. *Id.* In the absence of one of these events, there is no cause of action, even if the plaintiff has unsuccessfully exhausted his state remedies. *Id.* at 489. Plaintiff cannot make this showing, as he conceded that he never filed an appeal of his conviction. Plaintiff's claim that he was falsely arrested for purposes of this civil case will never mature so long as his criminal conviction remains undisturbed.

Under Heck, Plaintiff has failed to present an arguable constitutional claim against Defendants Gore, Hill or Sistrunk. Accordingly, his claims are frivolous[1] and fail to state a claim on which relief may be granted under 28 U.S.C. 1915(e)(2)(B). Since this case is dismissed pursuant to these provisions of the Prison Litigation Reform Act, it will be counted as a "strike." [2] If Plaintiff receives "three strikes" he will be denied *in*

---

[1] "Frivolous" in this context is a legal term of art that indicates that, although the Plaintiff's allegations are serious to him, and may, indeed, be based on a tangible injury, the theory on which his claims are based are "indisputably meritless" in a legal sense. See Allison v. Kyle, 66 F.3d 71, 73 (5th Cir. 1995)

[2] 28 U.S.C. § 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*forma pauperis* status and be required to pay the full filing fee to file a civil action or appeal.

THEREFORE, it is hereby ordered that this case is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). A Final Judgment in favor of Defendants shall be entered on this date.

IT IS SO ORDERED, this the 4th day of August, 2009.


S/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE